IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MAY 1998 SESSION

FILED

June 30, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| STATE OF TENNESSEE, | ) | |
| | ) | NO. 03C01-9611-CR-00390 |
| Appellee, | ) | |
| | ) | WASHINGTON COUNTY |
| VS. | ) | |
| | ) | HON. ARDEN L. HILL, |
| JACKIE W. KESTNER, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (DUI) |

FOR THE APPELLANT:

MURRAY C. GROSECLOSE, III
(At Trial)
208 E. Market Street
Kingsport, TN  37660-4325

JACKIE W. KESTNER
(On Appeal)
140 Alvin Street
Kingsport, TN  37660

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

MICHAEL J. FAHEY, II
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

DAVID E. CROCKETT
District Attorney General

KENT W. GARLAND
Assistant District Attorney General
Unicoi County Courthouse
Erwin, TN  37650

OPINION FILED: _____

AFFIRMED

JOE G. RILEY,
JUDGE

# O P I N I O N

Defendant, Jackie W. Kestner, was convicted by a Washington County jury of driving under the influence, second offense. Although the defendant lists thirteen (13) issues for our review, we consolidate them into the following:

1.  whether the trial court erred in admitting testimony of the horizontal gaze nystagmus test;

2.  whether the arresting officer gave inconsistent and prejudicial testimony;

3.  whether the trial court made a prejudicial statement to the jury;

4.  whether defendant was improperly denied the right to make a phone call to his counsel;

5.  whether defendant was improperly denied the right to use a videotape of the arrest;

6.  whether the prosecuting attorney made improper remarks in the closing argument; and

7.  whether defendant was denied the right to a speedy trial.

Although we find that the trial court erroneously admitted testimony concerning the horizontal gaze nystagmus test, we find the error to be harmless. We affirm the judgment of the trial court.


## HORIZONTAL GAZE NYSTAGMUS TEST

The testimony of the arresting officer included testimony concerning the horizontal gaze nystagmus test. The state concedes the testimony was improperly admitted under the standards of State v. Murphy, 953 S.W.2d 200 (Tenn. 1997). [1] Murphy held that testimony concerning the horizontal gaze nystagmus test

---

[1] The arresting officer had extensive training and experience in DUI detection and field sobriety testing. He had numerous certifications and was an instructor on field sobriety testing. We agree with the state's observation that he "may be the most qualified law enforcement officer in this state to administer a horizontal gaze test." However, the testimony of the officer did not "explain the underlying scientific basis of the test in order for the testimony to be meaningful to a jury." State v. Murphy, 953 S.W.2d at 202. Although the issue is close, we are constrained to agree with the state and the defendant that the testimony did not meet the Murphy standards.

constitutes scientific evidence requiring the witness to be qualified as an expert pursuant to Tenn. R. Evid. 702 and 703. In fairness to the trial court, we note that Murphy was not decided until after the trial of this case. Nevertheless, we examine this error to determine whether it was prejudicial to the defendant.

On July 20, 1993, at approximately 12:36 a.m. the defendant was arrested by Trooper Billy Grooms. Grooms followed the defendant for approximately three-quarters (3/4) of a mile and observed the defendant's vehicle go on to the road shoulder across the white line, come back across the center line and then straddle the center line. Upon stopping the defendant the trooper detected a strong smell of alcohol on the defendant's breath as well as slurred speech. Defendant's eyes were bloodshot, and he was unsteady on his feet to the extent of staggering from side to side.

In addition to the horizontal gaze nystagmus test, the officer administered two (2) other field sobriety tests. The first was the one-leg stand in which the defendant was unable to follow directions. He was only able to count to four (4) rather than twenty-five (25) with one (1) leg raised. Upon being asked to make another attempt, the defendant declined.

The walk-and-turn test was also administered. The defendant was unable to keep his balance and stepped off the white line. In walking away from the officer, he missed his heel-to-toe seven (7) out of ten (10) times and missed six (6) out of nine (9) times upon his return walk.

The defendant stated on two (2) or more occasions that he "knew he had too much to drink and drive." He refused the blood alcohol test and stated he wanted to talk to his attorney first.

The officer was of the opinion that the defendant was impaired and driving under the influence of an intoxicant.

The defense proof consisted of one (1) witness who observed the defendant at approximately 3:00 or 3:30 a.m. and testified the defendant "looked perfectly fine to me." Two (2) other witnesses, who were with the defendant at a beer tavern throwing darts just prior to the arrest, opined that the defendant was not under the

3

influence of an intoxicant when he left the beer tavern. One of these witnesses noted the defendant "was throwing pretty good darts" in the dart tournament and made "the final four."

The defendant testified he bought only four (4) beers over the course of the evening while at the beer tavern and consumed about three (3) of those beers, considering he did not drink all of the beer in each can. He denied being under the influence of an intoxicant and denied that the officer requested him to do the one-leg stand. He further contended that he performed well on the heel-to-toe test. Moreover, he testified that he did well on the finger to nose test, and that the officer was untruthful in stating that this test was never administered. Defendant denied stating to the officer that he had too much to drink. The essence of the defendant's testimony was that the officer was untruthful in his testimony.

This was a classic case pitting the credibility of the officer against the credibility of the defendant. The jury obviously rejected the defendant's testimony and accredited the testimony of the officer. In considering the whole record, we are unable to find that the outcome of the trial would have been any different had the horizontal gaze nystagmus testimony not been presented. This Court has found harmless error in other cases involving this issue. *See* State v. William F. Hegger, C.C.A. No. 01C01-9607-CR-00283, Davidson County (Tenn. Crim. App. filed March 4, 1998, at Nashville); State v. Mark Summers, C.C.A. No. 03C01-9606-CR-00235, Hamilton County (Tenn. Crim. App. filed December 4, 1997, at Knoxville); State v. Clinton Darrell Turner, C.C.A. No. 03C01-9604-CC-00151, Cocke County (Tenn. Crim. App. filed July 9, 1997, at Knoxville).

The error was harmless. Tenn. R. App. P. 36(b).

## OFFICER'S ALLEGED PREJUDICIAL TESTIMONY

Defendant refers to numerous instances in which the arresting officer gave inconsistent and prejudicial testimony. In most instances there was no objection made to the testimony. Accordingly, these are waived. *See* Tenn. R. App. P. 36(a).

4

Furthermore, defendant failed to raise these matters in the motion for new trial. This results in a waiver of all issues. *See* Tenn. R. App. P. 3(e). Furthermore, our review of the record does not indicate that defendant is entitled to relief on any of these matters.

## TRIAL COURT'S STATEMENT

Defendant complains of the trial court's statement to the jury, "I hate to inconvenience you..." This statement was made upon the trial court deciding to recess court for the day and bring the jury back on another day to complete the trial. The statement was not prejudicial to the defendant. This issue is without merit.

## PHONE CALL

Defendant contends he was not allowed to make a phone call to his counsel. *See* Tenn. Code Ann. § 40-7-106(b). This issue was never brought before the trial court and was not in the motion for new trial. The issue is waived. *See* Tenn. R. App. P. 3(e); 36(a).

## VIDEOTAPE

Defendant contends he was improperly deprived of the videotape taken of his arrest. Testimony revealed the videotape had been erased prior to trial. There was no showing of any intentional misconduct on the part of the state. *See* Arizona v. Youngblood, 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988); State v. Eldridge, 951 S.W.2d 775, 778 (Tenn. Crim. App. 1997). Furthermore, the issue was waived by the failure to object at trial and include the issue in the motion for new trial. *See* Tenn. R. App. P. 3(e); 36(a).

## CLOSING ARGUMENT

Defendant contends the prosecuting attorney made misstatements of fact in his closing argument. The statements related to whether the defendant himself had viewed the videotape and the refusal of the defendant to take the blood alcohol test. In both instances the trial court properly instructed the jury that they were the judges of what the testimony actually was. We find no prejudice to the defendant. This issue is without merit.

## RIGHT TO SPEEDY TRIAL

Defendant contends his jury trial, conducted almost three (3) years after his arrest, deprived him of the right to speedy trial. This issue was not raised before the trial court. The record is insufficient to allow an adequate review of this issue. The issue is waived. *See* Tenn. R. App. P. 36(a).

## CONCLUSION

For the above reasons, we affirm the judgment of the trial court.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**


_____
**JOSEPH M. TIPTON, JUDGE**


_____
**CURWOOD WITT, JUDGE**

6